IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Vincent Lee Edwards,**<br>Petitioner, | )<br>)<br>) |
| v. | )     1:14cv171 (GBL/IDD) |
| | ) |
| **Virginia Dep't of Corr.,**<br>Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

This Matter comes before the Court upon review of respondent's Motion to Dismiss. Vincent Lee Edwards, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of Williamsburg/James City, Virginia of abduction with intent to defile, attempted rape, and assault and battery. Respondent has filed a Motion to Dismiss and a Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, petitioner's claims must be dismissed.

### I. Background

On August 2, 2010, petitioner was found guilty in a bench trial of assault and battery. The trial judge reserved ruling on petitioner's attempted rape and abduction with intent to defile charges. Commonwealth v. Edwards, Case Nos. CR10019257-00, CR10019188-00, CR10019189-00. On September 17, 2010, the court found petitioner guilty of abduction with intent to defile and attempted rape, and sentenced him to ten years in prison. Petitioner pursued a direct appeal to the Court of Appeals of Virginia, arguing that the evidence was insufficient to

support his conviction. The Court of Appeals denied the petition for appeal and affirmed the conviction on May 6, 2011. Edwards v. Commonwealth, R. No. 2108-10-1 (Va. Ct. App. 2011). On October 8, 2011 the Supreme Court of Virginia refused the petition for appeal. Edwards v. Commonwealth, R. No. 111025 (Va. 2011).

On May 30, 2012, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing that (1) the prosecutor improperly commented on petitioner's prior assault conviction; and (2) his trial attorney rendered ineffective assistance of counsel for failing to object to the prosecutor's comments. The court dismissed the petition on December 19, 2012. Edwards v. Dir. of the Dep't of Corr., R. No. 120915 (Va. 2012). Petitioner states that he attempted to mail a petition for rehearing to the Supreme Court of Virginia on January 15, 2013. However, the Supreme Court of Virginia never received the petition for rehearing, apparently due to the fact that the petition was mailed to an incorrect address. See Petitioner's Responsive Pleading ("Pet.'s Resp.") [Dkt. 5], at unnumbered page 6 (mail log of the St. Bride's Correctional Center prison log showing mail to the Supreme Court of Virginia, addressed to 900 East Main Street, Richmond, VA 23219); http://www.courts.state.va.us/courts/scv/home.html (listing the address of the Supreme Court of Virginia as P.O. Box 1315, North Ninth Street, 5th Floor, Richmond, VA 23219-1315). This petition for rehearing was never adjudicated by the Supreme Court of Virginia. On April 1, 2013, petitioner requested an extension of time to file a petition for rehearing. The court denied his request on April 23, 2013.

On or about February 12, 2014, petitioner filed the instant federal habeas petition,[1] arguing that (1) the evidence presented at trial was insufficient to support his conviction; and (2)

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner did not include a date on his original petition, and did not certify when he placed it in the prison mail system. The court received his petition on February 12, 2014.

2

the prosecutor improperly mentioned petitioner's past conviction during trial. On August 27, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on September 15, 2014. Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254. However, this petition must be dismissed as barred by the applicable statute of limitations.

## II. Timeliness

A § 2254 petition for a writ of habeas corpus must be dismissed if filed more than one year after (1) the judgment of conviction becomes final; (2) the removal of any state-created impediment to the filing of the petition; (3) recognition by the United States Supreme Court of the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Based on the records of the state proceedings, petitioner's conviction became final on January 16, 2012, the last day on which he could have petitioned the United States Supreme Court for a writ of certiorari.[2] In calculating the one-year statute of limitations period, however, a federal court must toll any time during which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Whether a state post-conviction proceeding is "properly filed" is determined by applicable state law, as interpreted by state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner filed his petition for a writ of habeas corpus in the Supreme Court of Virginia on May 30, 2012. At that time, 135 days of the one-year limitations period had run. The court denied his petition on December 19, 2012. Accordingly, the period between May 30, 2012 and

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for a writ of certiorari are timely if filed within 90 days of the entry of final judgment by a state court of last resort).

3

December 19, 2012 tolled the running of the statute of limitations. Between December 19, 2012, and February 12, 2014, when this Court received this federal petition for a writ of habeas corpus, an additional 421 days passed. Added together, 556 days passed between the date petitioner's conviction became final and the date on which he filed his federal petition. Accordingly, petitioner filed his petition 191 days beyond the one-year statute of limitations.

Petitioner's attempt to file a petition for rehearing of the Supreme Court of Virginia's denial of his state petition for a writ of habeas corpus did not toll the running of the statute of limitations, as his petition for rehearing was not properly filed. Virginia Supreme Court Rule 5:20(b) provides that, when the court denies a petition for a writ of habeas corpus, a petitioner has thirty days after the entry of judgment to file a motion for rehearing. Accordingly, petitioner had until January 19, 2013 to file a petition for rehearing with the Virginia Supreme Court. Rule 5:5(a) provides that, for good cause shown, two judges of the court may grant an additional thirty-day extension of time to file any pleading with the court. Thus, the court could have provided petitioner an additional thirty days, until February 19, 2013, to submit his petition for rehearing. As petitioner did not submit his request for an extension of time to file a petition for rehearing until April 1, 2013, his request was not "properly filed," and did not toll the running of the statute of limitations.[3]

### III. Equitable Tolling

Petitioner argues that, although his petition was not timely filed, the statute of limitations should be equitably tolled due to the fact that the Supreme Court of Virginia "actively misled

---

[3] Even if the petition for rehearing had tolled the running of the statute of limitations, this federal petition would still be time-barred. In this scenario, the period between May 30, 2012 and April 23, 2013 would have been tolled. However, 296 days elapsed between April 23, 2013 and February 12, 2014, when petitioner filed his federal petition. Added to the 135 days that passed before petitioner filed his state petition for a writ of habeas corpus, 431 days would have passed. Accordingly, the petition would still have been filed 66 days beyond the one-year limitations period.

[petitioner] . . . about [a] cause of action." Pet.'s Resp., at unnumbered page 2 (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), abrogated on other grounds by Richards v. Thaler, 710 F.3d 573 (5th Cir. 2013)). The United States Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 634 (2010). The United States Court of Appeals for the Fourth Circuit has also held that the limitations may be equitably tolled in limited circumstances. See, e.g., Rouse v. Lee, 246 (4th Cir. 2003).

However, the Fourth Circuit and several other courts have held that "any resort to equity must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 246. Therefore, for equitable tolling to apply, a petitioner must establish that (1) he has been diligently pursuing his rights, and that (2) some "extraordinary circumstance," beyond his control and external to his own conduct, interfered with his ability to timely file his petition. Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). Court should equitably toll the statute of limitations only in rare situations, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner argues that the information he received from the Supreme Court of Virginia informing him of the possibility of moving for an extension of time to file a petition for rehearing was misleading, as the court then "arbitrarily denied" his request for an extension of time. Pet.'s Resp., at unnumbered pages 3-4.

Petitioner's argument has no merit, however. Petitioner wrote a letter to the Supreme Court of Virginia on March 1, 2013, inquiring about the status of his petition for rehearing. He was informed by letter dated March 4, 2013 that no petition for rehearing had been received. See Pet.'s Resp., at unnumbered page 7. A review of the Supreme Court of Virginia's docket reflects

that no petition for rehearing was received or adjudicated by the court in petitioner's case. Petitioner apparently wrote two more letters to the Supreme Court of Virginia inquiring about an extension of time to file a petition for rehearing. See id. at unnumbered page 8. In response, petitioner received another letter from the Supreme Court of Virginia informing him that, if he "wish[ed] to file an extension of time to file [his] petition for rehearing[,] the greatest extension of time this office can give is 30 days beyond the date in which the petition for rehearing was due."[4] Id. As petitioner's petition for rehearing was due no later than January 19, 2013, this letter clearly gave petitioner notice that the latest date on which he could have filed a petition for rehearing was February 19, 2013, a date which had already passed. As these letters accurately reflected the Rules of the Supreme Court of Virginia, the court did not actively mislead petitioner as to a cause of action.

Even without active misdirection by the state court, however, a petitioner's lack of knowledge that a state court has reached a decision on his case can constitute ground for equitable tolling of the statute of limitations. See, e.g., Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001); Phillips v. Donnelly, 216 F.2d 508, 511 (5th Cir. 2000), amended, 233 F.3d 797 (5th Cir. 2000). However, a petitioner with such lack of knowledge can only take advantage of equitable tolling if he "has acted diligently in the matter." Williams, 263 F.3d at 1143. Although petitioner mailed his motion for rehearing on January 15, 2013, he apparently sent his motion to an incorrect address. He did not follow up to ensure that the Supreme Court of Virginia received his motion, and did not mail a letter asking about the status of his motion until March 1, 2013, nearly two months after he mailed the motion. Thus, petitioner has not shown

---

[4] This letter is also dated March 4, 2013. This date appears to be in error, as it clearly references letters received from petitioner dated March 11, 2013 and March 21, 2013.

that he was diligently pursuing his rights during the time in which he attempted to file a motion for rehearing in the Supreme Court of Virginia.

In addition, petitioner waited an additional ten months after learning that the Supreme Court of Virginia denied his petition for rehearing before filing his petition in this Court. As stated above, his petition was filed 191 days beyond the one-year time limit. Petitioner offers no explanation as to why he waited for such a long period of time to file his federal petition. A prisoner who fails to diligently protect his rights cannot take advantage of equitable tolling. See, e.g., Pace, 544 U.S. at 419 (internal citations omitted); Spencer v. Sutton, 239 F.3d 626, 630-31 (4th Cir. 2001). Therefore, equitable tolling is not applicable to this case. Because the petition must be dismissed as time-barred, the Court need not analyze other procedural defenses or the merits of petitioner's claims.

## IV. Conclusion

For the foregoing reasons, petitioner's petition was filed beyond the one-year limitations period of § 2244(d)(2), and no equitable tolling is available. Accordingly, this petition will be dismissed. An appropriate Judgment and Order will issue.

Entered this 23rd day of March 2015.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia